IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

---

THOMAS E. PEREZ, Secretary of Labor,

    Plaintiff,

v.

ASSOCIATION OF PROFESSIONAL
FLIGHT ATTENDANTS,

    Defendant.

Civil Action No. 4:16-CV-1057

## ORIGINAL COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481–483, for a judgment declaring that the January 9, 2016 election of union officers conducted by the Association of Professional Flight Attendants (APFA) is void, and directing the APFA to conduct a new election for the offices of National President, National Vice President, National Secretary, and National Treasurer, under Plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Thomas E. Perez, is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 482(b).

5. The APFA is, and at all times relevant to this action has been, an unincorporated association residing within the County of Tarrant, Texas, within the jurisdiction of this district. The APFA's headquarters are located at 1004 West Euless Boulevard, Euless, Texas 76040, within this district.

## FACTUAL ALLEGATIONS

6. The APFA represents itself to be, and at all times relevant to this action has been, a national labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j), and 401(a) of the Labor-Management Reporting and Disclosure Act (29 U.S.C. §§ 402(i), 402(j), and 481(a)).

7. The APFA, purporting to act pursuant to its Constitution and Bylaws, conducted an election of officers on January 9, 2016, and this election was subject to the provisions of Title IV of the Labor-Management Reporting and Disclosure Act (29 U.S.C. §§ 481–483).

8. By letter dated January 22, 2016, the complainant, Samuel Morales, a member in good standing of the APFA, protested the election to the APFA's National

Ballot Committee.

9. By letter dated January 29, 2016, the National Ballot Committee denied the protest.

10. By letter dated February 7, 2016, Morales appealed the decision of the National Ballot Committee to the APFA's Executive Committee.

11. By letter dated February 10, 2016, the Executive Committee denied the appeal.

12. Having exhausted the remedies available within the union and having received a final decision, Morales filed a timely complaint with the Secretary of Labor on March 7, 2016, which was within the one calendar month required by section 402(a)(1) of the Labor-Management Reporting and Disclosure Act (29 U.S.C. § 482(a)(1)).

13. By letter signed March 24, 2016, the APFA agreed that the time within which Plaintiff may bring suit with respect to the APFA's aforesaid election be extended to July 8, 2016.

14. By letter signed June 15, 2016, the APFA agreed that the time within which Plaintiff may bring suit with respect to the APFA's aforesaid election be extended to August 12, 2016.

15. By letter signed July 21, 2016, the APFA agreed that the time within which Plaintiff may bring suit with respect to the APFA's aforesaid election be extended to August 26, 2016.

16. By letter signed August 16, 2016, the APFA agreed that the time within which Plaintiff may bring suit with respect to the APFA's aforesaid election be extended to October 21, 2016.

17. By letter signed October 18, 2016, the APFA agreed that the time within which Plaintiff may bring suit with respect to APFA's aforesaid election be extended to November 4, 2016.

18. By letter signed November 2, 2016, the APFA agreed that the time within which Plaintiff may bring suit with respect to the APFA's aforesaid election be extended to November 18, 2016.

19. Pursuant to and in accordance with sections 601 and 402(b) of the Labor-Management Reporting and Disclosure Act (29 U.S.C. § 521 and 29 U.S.C. § 482(b)), Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Labor-Management Reporting and Disclosure Act (29 U.S.C. §§ 481–483) had occurred in the conduct of the APFA's January 9, 2016 election; and (2) that such violations had not been remedied at the time of the institution of this action.

20. The APFA engaged the services of a contractor, BallotPoint Election Services, owned by CCComplete, headquartered in Portland, Oregon, to conduct the January 9, 2016 election of officers using an internet-based electronic voting system in which voters cast their votes using the internet and telephone.

21. This internet-based electronic voting system permitted the names of voters to be linked with their voting choices. The system stores and maintains member

identifying information and voting records on two servers in a way that could allow individuals with access to both of the servers to identify how a member voted.

22. Member records, including voter email addresses, are stored on one server, while members' votes are stored on another server. A link between the two servers, and thus between the voters and their votes, is evident because the system is capable of sending a confirmation email message to the voter after the voter has voted successfully or after a voter has voted but the system has malfunctioned, so that the voter is notified that he or she must vote again.

23. During the course of its investigation, Plaintiff obtained data and records from BallotPoint. Using these data and records, which reflected information stored on the electronic voting system's servers, Plaintiff was able to match the names of 4,082 voters out of 9,355 votes cast to their choice of candidates.

24. The internet voting system also did not permit an observer to effectively observe the election. Observers were limited to viewing a tally sheet projected from a personal computer connected to the voting website and were not able to verify that the votes were recorded and tallied correctly.

FIRST CAUSE OF ACTION

25. The APFA violated section 401(a) of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 481(a), when it used an electronic voting method in the January 9, 2016 election that permitted voters to be linked to their votes.

SECOND CAUSE OF ACTION

26. The APFA violated section 401(c) of the Labor-Management Reporting

and Disclosure Act, 29 U.S.C. § 481(c), by denying a candidate's right to have an observer in the January 9, 2016 election, because the electronic voting system did not permit an observer to verify that a vote was recorded and tallied accurately.

27.  The violations of sections 401(a) and 401(c) of the Labor-Management Reporting and Disclosure Act (29 U.S.C. §§ 481(a) and (c)) may have affected the outcome of the APFA's election for the offices of National President, National Vice President, National Secretary, and National Treasurer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the APFA's election for the offices of National President, National Vice President, National Secretary, and National Treasurer to be void;

(b)  directing the APFA to conduct a new election for the offices of National President, National Vice President, National Secretary, and National Treasurer under the supervision of Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

*/s/ Brian W. Stoltz*
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Plaintiff