IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION





| | |
|---|---|
| THOMAS E. PEREZ [now R. ALEXANDER ACOSTA], Secretary of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS,<br><br>    Defendant. | Civil Action No. 4:16-cv-1057-A |

## STATUTORY AND REGULATORY APPENDIX IN SUPPORT OF APFA'S MOTION FOR SUMMARY JUDGMENT

ANDREW D. ROTH
D.C. Bar No. 414038
ADAM BELLOTTI
D.C. Bar No. 1020169
ROBERT ALEXANDER
D.C. Bar No. 465673
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St. N.W., Tenth Floor
Washington, D.C. 20005
Tel: (202) 842-2600
Fax: (202) 842-1888
Email: aroth@bredhoff.com
Email: abellotti@bredhoff.com
Email: ralexander@bredhoff.com

SANFORD R. DENISON
Texas Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Avenue, Suite 550
Dallas, TX 75214
Tel: (214) 637-0750
Fax: (214) 637-0730
Email: denison@baabdenison.com

Attorneys for Defendant Association
of Professional Flight Attendants

## TABLE OF CONTENTS

| Document | Tab | Pg. |
|---|---|---|
| LMRDA Title IV, 29 U.S.C. §§ 481-483 | A | 1 |
| 29 C.F.R. Part 452 (Excerpts) | B | 4 |

Respectfully submitted,

ANDREW D. ROTH*
D.C. Bar No. 414038
ROBERT ALEXANDER*
D.C. BAR No. 465673
ADAM BELLOTTI*
D.C. Bar No. 1020169
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St. N.W., Tenth Floor
Washington, D.C. 20005
Tel: (202) 842-2600
Fax: (202) 842-1888
Email: aroth@bredhoff.com
Email: ralexander@bredhoff.com
Email: abellotti@bredhoff.com

*signature*
SANFORD R. DENISON
Texas Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Avenue, Suite 550
Dallas, TX 75214
Tel: (214) 637-0750
Fax: (214) 637-0730
Email: denison@baabdenison.com

Attorneys for Defendant Association
of Professional Flight Attendants

* Admitted Pro Hac Vice

Dated: August 25, 2017

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of August, 2017, the above and foregoing Statutory and Regulatory Appendix in Support of Motion for Summary Judgment was served on the following Plaintiff's counsel of record electronically by email transmission and by overnight mail, as authorized by Federal Rule of Civil Procedure 5(b):

Brian W. Stoltz
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8626
Facsimile: 214-659-8807
brian.stoltz@usdoj.gov

_____
SANFORD R. DENISON

bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate. Any member or subordinate body of a labor organization affected by any violation of this subchapter (except section 461 of this title) may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate.

**(b) Venue**

For the purpose of actions under this section, district courts of the United States shall be deemed to have jurisdiction of a labor organization (1) in the district in which the principal office of such labor organization is located, or (2) in any district in which its duly authorized officers or agents are engaged in conducting the affairs of the trusteeship.

**(c) Presumptions of validity or invalidity of trusteeship**

In any proceeding pursuant to this section a trusteeship established by a labor organization in conformity with the procedural requirements of its constitution and bylaws and authorized or ratified after a fair hearing either before the executive board or before such other body as may be provided in accordance with its constitution or bylaws shall be presumed valid for a period of eighteen months from the date of its establishment and shall not be subject to attack during such period except upon clear and convincing proof that the trusteeship was not established or maintained in good faith for a purpose allowable under section 462 of this title. After the expiration of eighteen months the trusteeship shall be presumed invalid in any such proceeding and its discontinuance shall be decreed unless the labor organization shall show by clear and convincing proof that the continuation of the trusteeship is necessary for a purpose allowable under section 462 of this title. In the latter event the court may dismiss the complaint or retain jurisdiction of the cause on such conditions and for such period as it deems appropriate.

(Pub. L. 86–257, title III, §304, Sept. 14, 1959, 73 Stat. 531.)

**§465. Report to Congress**

The Secretary shall submit to the Congress at the expiration of three years from September 14, 1959, a report upon the operation of this subchapter.

(Pub. L. 86–257, title III, §305, Sept. 14, 1959, 73 Stat. 532.)

**§466. Additional rights and remedies; exclusive jurisdiction of district court; res judicata**

The rights and remedies provided by this subchapter shall be in addition to any and all other rights and remedies at law or in equity: *Provided*, That upon the filing of a complaint by the Secretary the jurisdiction of the district court over such trusteeship shall be exclusive and the final judgment shall be res judicata.

(Pub. L. 86–257, title III, §306, Sept. 14, 1959, 73 Stat. 532.)

SUBCHAPTER V—ELECTIONS

**§481. Terms of office and election procedures**

**(a) Officers of national or international labor organizations; manner of election**

Every national or international labor organization, except a federation of national or international labor organizations, shall elect its officers not less often than once every five years either by secret ballot among the members in good standing or at a convention of delegates chosen by secret ballot.

**(b) Officers of local labor organizations; manner of election**

Every local labor organization shall elect its officers not less often than once every three years by secret ballot among the members in good standing.

**(c) Requests for distribution of campaign literature; civil action for enforcement; jurisdiction; inspection of membership lists; adequate safeguards to insure fair election**

Every national or international labor organization, except a federation of national or international labor organizations, and every local labor organization, and its officers, shall be under a duty, enforceable at the suit of any bona fide candidate for office in such labor organization in the district court of the United States in which such labor organization maintains its principal office, to comply with all reasonable requests of any candidate to distribute by mail or otherwise at the candidate's expense campaign literature in aid of such person's candidacy to all members in good standing of such labor organization and to refrain from discrimination in favor of or against any candidate with respect to the use of lists of members, and whenever such labor organizations or its officers authorize the distribution by mail or otherwise to members of campaign literature on behalf of any candidate or of the labor organization itself with reference to such election, similar distribution at the request of any other bona fide candidate shall be made by such labor organization and its officers, with equal treatment as to the expense of such distribution. Every bona fide candidate shall have the right, once within 30 days prior to an election of a labor organization in which he is a candidate, to inspect a list containing the names and last known addresses of all members of the labor organization who are subject to a collective bargaining agreement requiring membership therein as a condition of employment, which list shall be maintained and kept at the principal office of such labor organization by a designated official thereof. Adequate safeguards to insure a fair election shall be provided, including the right of any candidate to have an observer at the polls and at the counting of the ballots.

**(d) Officers of intermediate bodies; manner of election**

Officers of intermediate bodies, such as general committees, system boards, joint boards, or joint councils, shall be elected not less often than once every four years by secret ballot among the members in good standing or by

1

labor organization officers representative of such members who have been elected by secret ballot.

**(e) Nomination of candidates; eligibility; notice of election; voting rights; counting and publication of results; preservation of ballots and records**

In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof. Not less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address. Each member in good standing shall be entitled to one vote. No member whose dues have been withheld by his employer for payment to such organization pursuant to his voluntary authorization provided for in a collective bargaining agreement shall be declared ineligible to vote or be a candidate for office in such organization by reason of alleged delay or default in the payment of dues. The votes cast by members of each local labor organization shall be counted, and the results published, separately. The election officials designated in the constitution and bylaws or the secretary, if no other official is designated, shall preserve for one year the ballots and all other records pertaining to the election. The election shall be conducted in accordance with the constitution and bylaws of such organization insofar as they are not inconsistent with the provisions of this subchapter.

**(f) Election of officers by convention of delegates; manner of conducting convention; preservation of records**

When officers are chosen by a convention of delegates elected by secret ballot, the convention shall be conducted in accordance with the constitution and bylaws of the labor organization insofar as they are not inconsistent with the provisions of this subchapter. The officials designated in the constitution and bylaws or the secretary, if no other is designated, shall preserve for one year the credentials of the delegates and all minutes and other records of the convention pertaining to the election of officers.

**(g) Use of dues, assessments or similar levies, and funds of employer for promotion of candidacy of person**

No moneys received by any labor organization by way of dues, assessment, or similar levy, and no moneys of an employer shall be contributed or applied to promote the candidacy of any person in any election subject to the provisions of this subchapter. Such moneys of a labor organization may be utilized for notices, factual statements of issues not involving candidates, and other expenses necessary for the holding of an election.

**(h) Removal of officers guilty of serious misconduct**

If the Secretary, upon application of any member of a local labor organization, finds after hearing in accordance with subchapter II of chapter 5 of title 5 that the constitution and bylaws of such labor organization do not provide an adequate procedure for the removal of an elected officer guilty of serious misconduct, such officer may be removed, for cause shown and after notice and hearing, by the members in good standing voting in a secret ballot, conducted by the officers of such labor organization in accordance with its constitution and bylaws insofar as they are not inconsistent with the provisions of this subchapter.

**(i) Rules and regulations for determining adequacy of removal procedures**

The Secretary shall promulgate rules and regulations prescribing minimum standards and procedures for determining the adequacy of the removal procedures to which reference is made in subsection (h) of this section.

(Pub. L. 86–257, title IV, § 401, Sept. 14, 1959, 73 Stat. 532.)

CODIFICATION

In subsec. (h), "subchapter II of chapter 5 of title 5" substituted for "the Administrative Procedure Act" on authority of Pub. L. 89–554, § 7(b), Sept. 6, 1966, 80 Stat. 631, the first section of which enacted Title 5, Government Organization and Employees.

EFFECTIVE DATE

Pub. L. 86–257, title IV, § 404, Sept. 14, 1959, 73 Stat. 535, provided that: "The provisions of this title [enacting this subchapter] shall become applicable—

"(1) ninety days after the date of enactment of this Act [Sept. 14, 1959] in the case of a labor organization whose constitution and bylaws can lawfully be modified or amended by action of its constitutional officers or governing body, or

"(2) where such modification can only be made by a constitutional convention of the labor organization, not later than the next constitutional convention of such labor organization after the date of enactment of this Act [Sept. 14, 1959], or one year after such date, whichever is sooner. If no such convention is held within such one-year period, the executive board or similar governing body empowered to act for such labor organization between conventions is empowered to make such interim constitutional changes as are necessary to carry out the provisions of this title [enacting this subchapter]."

## § 482. Enforcement

**(a) Filing of complaint; presumption of validity of challenged election**

A member of a labor organization—

(1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or

(2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,

may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers). The challenged

election shall be presumed valid pending a final decision thereon (as hereinafter provided) and in the interim the affairs of the organization shall be conducted by the officers elected or in such other manner as its constitution and bylaws may provide.

**(b) Investigation of complaint; commencement of civil action by Secretary; jurisdiction; preservation of assets**

The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal office to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Secretary and in accordance with the provisions of this subchapter and such rules and regulations as the Secretary may prescribe. The court shall have power to take such action as it deems proper to preserve the assets of the labor organization.

**(c) Declaration of void election; order for new election; certification of election to court; decree; certification of result of vote for removal of officers**

If, upon a preponderance of the evidence after a trial upon the merits, the court finds—

(1) that an election has not been held within the time prescribed by section 481 of this title, or

(2) that the violation of section 481 of this title may have affected the outcome of an election,

the court shall declare the election, if any, to be void and direct the conduct of a new election under supervision of the Secretary and, so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization. The Secretary shall promptly certify to the court the names of the persons elected, and the court shall thereupon enter a decree declaring such persons to be the officers of the labor organization. If the proceeding is for the removal of officers pursuant to subsection (h) of section 481 of this title, the Secretary shall certify the results of the vote and the court shall enter a decree declaring whether such persons have been removed as officers of the labor organization.

**(d) Review of orders; stay of order directing election**

An order directing an election, dismissing a complaint, or designating elected officers of a labor organization shall be appealable in the same manner as the final judgment in a civil action, but an order directing an election shall not be stayed pending appeal.

(Pub. L. 86–257, title IV, § 402, Sept. 14, 1959, 73 Stat. 534.)

**§ 483. Application of other laws; existing rights and remedies; exclusiveness of remedy for challenging election**

No labor organization shall be required by law to conduct elections of officers with greater frequency or in a different form or manner than is required by its own constitution or bylaws, except as otherwise provided by this subchapter. Existing rights and remedies to enforce the constitution and bylaws of a labor organization with respect to elections prior to the conduct thereof shall not be affected by the provisions of this subchapter. The remedy provided by this subchapter for challenging an election already conducted shall be exclusive.

(Pub. L. 86–257, title IV, § 403, Sept. 14, 1959, 73 Stat. 534.)

SUBCHAPTER VI—SAFEGUARDS FOR LABOR ORGANIZATIONS

**§ 501. Fiduciary responsibility of officers of labor organizations**

**(a) Duties of officers; exculpatory provisions and resolutions void**

The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. A general exculpatory provision in the constitution and bylaws of such a labor organization or a general exculpatory resolution of a governing body purporting to relieve any such person of liability for breach of the duties declared by this section shall be void as against public policy.

**(b) Violation of duties; action by member after refusal or failure by labor organization to commence proceedings; jurisdiction; leave of court; counsel fees and expenses**

When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of com-

### § 452.89 Apprentices.

A labor organization may condition the right to vote upon completion of a bona fide program of apprenticeship training which is designed to produce competent tradesmen in the industry the union serves.

### § 452.90 Visiting members.

A decision about the voting rights of visiting members is properly one for resolution by the union in accordance with the organization's constitution and bylaws or applicable resolutions. For purposes of the Act, a person is ordinarily considered to be a member of the local to which he pays his dues.

### § 452.91 Voting by employers, supervisors.

Voting in union elections by employers, self-employed persons, supervisors or other persons who are considered to be part of management is not precluded by title IV of the Act even if they are not required to maintain union membership as a condition of employment. However, as mentioned in the discussion of qualifications for candidacy (see § 452.47), such persons may not dominate or interfere with the administration of any labor organization.

### § 452.92 Unemployed members.

Members who are otherwise qualified to vote may not be disqualified from voting merely because they are currently unemployed or are employed on a part-time basis in the industry served by the union, provided, of course, that such members are paying dues.

### § 452.93 Retired members.

The right of retirees to vote may be restricted to the extent provided by the constitution and bylaws of the labor organization.

### § 452.94 Reasonable opportunity to vote.

The statutory protection of the right to vote implies that there must be a reasonable opportunity to vote. Thus, there is an obligation on the labor organization to conduct its periodic election of officers in such a way as to afford all its members a reasonable opportunity to cast ballots. A union may meet this obligation in a variety of ways, depending on factors such as the distance between the members' work site or homes and the polling place, the means of transportation available, the nature of the members' occupations, and their hours of work. A reasonable opportunity to vote may require establishing multiple polling places or the use of a mail ballot referendum when the members are widely dispersed. It would also be reasonable for the time period for voting to be extended to accommodate members who might otherwise be prevented from voting due to conflicting work schedules. Shortening the voting period by a late opening of the polls would not, in itself, be improper unless the intent or practical effect of such action is to deprive members of their right to vote.

### § 452.95 Absentee ballots.

Where the union knows in advance that a substantial number or a particular segment of the members will not be able to exercise their right to vote in person, as, for example, when access to a polling place is impracticable for many members because of shipping assignments, absentee ballots or other means of voting must be made available.[45] In the event absentee ballots are necessary the organization must give its members reasonable notice of the availability of such ballots.[46]

## Subpart I—Election Procedures; Rights of Members

### § 452.96 General.

The Act safeguards democratic processes by prescribing, in section 401, minimum standards for the regular periodic election of officers in labor organizations subject to its provisions. It does not, however, prescribe in detail election procedures which must be followed. Labor organizations are free to establish procedures for elections as long as they are fair to all members and are consistent with lawful provisions of the organization's constitution

---

[45] *Goldberg* v. *Marine Cooks and Stewards Union,* 204 F. Supp. 844 (N.D. Cal. 1962).

[46] *Wirtz* v. *Local Union 262, Glass Bottle Blowers Association,* 290 F. Supp. 965 (N.D. Calif. 1968).

**Off. of Labor-Management Standards, Labor** § 452.99

and bylaws and with section 401. The rights granted to members in section 401(e) refer to individuals, not labor organizations. For example, while locals may be members of an intermediate body, they are not entitled to the rights granted "members" in section 401(e).

**§ 452.97 Secret ballot.**

(a) A prime requisite of elections regulated by title IV is that they be held by secret ballot among the members or in appropriate cases by representatives who themselves have been elected by secret ballot among the members. A secret ballot under the Act is "the expression by ballot, voting machine, or otherwise, but in no event by proxy, of a choice * * * cast in such a manner that the person expressing such choice cannot be identified with the choice expressed." [47] Secrecy may be assured by the use of voting machines, or, if paper ballots are used, by providing voting booths, partitions, or other physical arrangements permitting privacy for the voter while he is marking his ballot. The ballot must not contain any markings which upon examination would enable one to identify it with the voter. Balloting by mail presents special problems in assuring secrecy. Although no particular method of assuring such secrecy is prescribed, secrecy may be assured by the use of a double envelope system for return of the voted ballots with the necessary voter identification appearing only on the outer envelope.

(b) Should any voters be challenged as they are casting their ballots, there should be some means of setting aside the challenged ballots until a decision regarding their validity is reached without compromising the secrecy requirement. For example, each such ballot might be placed in an envelope with the voter's name on the outside. Of course, it would be a violation of the secrecy requirement to open these envelopes and count the ballots one at a time in such a way that each vote could be identified with a voter.

(c) In a mail ballot election, a union may require members to sign the return envelope if the signatures may be used in determining eligibility. However, it would be unreasonable for a union to void an otherwise valid ballot merely because a member printed rather than signed his name if the union does not use the signatures to determine voter eligibility.

**§ 452.98 Outside agencies.**

There is nothing in the Act to prevent a union from employing an independent organization as its agent to handle the printing, mailing, and counting of ballots in such elections if all the standards of the Act are met.

**§ 452.99 Notice of election.**

Elections required by title IV to be held by secret ballot must be preceded by a notice of election mailed to each member at his last known home address not less than fifteen days prior to the election. [48] For purposes of computing the fifteen day period, the day on which the notices are mailed is not counted whereas the day of the election is counted. For example, if the election is to be held on the 20th day of the month, the notices must be mailed no later than the 5th day. The notice must include a specification of the date, time and place of the election and of the offices to be filled, and it must be in such form as to be reasonably calculated to inform the members of the impending election. Specification of the offices to be filled would not be necessary if it is a regular, periodic election of all officers and the notice so indicates. A statement in the union by-laws that an election will be held at a certain time does not constitute the notice required by the statute. Since the Act specifies that the notice must be mailed, other means of transmission such as posting on a bulletin board or hand delivery will not satisfy the requirement. A notice of election must be sent to every member as defined in section 3(o) of the Act, not only to members who are eligible to vote in the election. Where the notice, if mailed to the last known permanent or legal residents of the member, would not be likely to reach him because of a known extended absence from that place, the statutory phrase "last

---

[47] Act, sec. 3(k).      [48] Act, sec. 401(e).

§ 452.106                                                  29 CFR Ch. IV (7-1-03 Edition)

### § 452.106 Preservation of records.

In every secret ballot election which is subject to the Act, the ballots and all other records pertaining to the election must be preserved for one year.[51] The responsibility for preserving the records is that of the election officials designated in the constitution and by-laws of the labor organization or, if none is so designated, its secretary. Since the Act specifies that ballots must be retained, all ballots, marked or unmarked, must be preserved. Independent certification as to the number and kind of ballots destroyed may not be substituted for preservation. In addition, ballots which have been voided, for example, because they were received late or because they were cast for an ineligible candidate, must also be preserved.

### § 452.107 Observers.

(a) Under the provisions of section 401(c), each candidate must be permitted to have an observer (1) at the polls and (2) at the counting of the ballots. This right encompasses every phase and level of the counting and tallying process, including the counting and tallying of the ballots and the totaling, recording, and reporting of tally sheets. If there is more than one polling place, the candidate may have an observer at each location. If ballots are being counted at more than one location or at more than one table at a single location, a candidate is entitled to as many observers as necessary to observe the actual counting of ballots. The observer may note the names of those voting so that the candidates may be able to ascertain whether unauthorized persons voted in the election. The observers should be placed so that they do not compromise, or give the appearance of compromising, the secrecy of the ballot. The observer is not required to be a member of the labor organization unless the union's constitution and bylaws require him to be a member. There is no prohibition on the use of alternate observers, when necessary, or on a candidate serving as his own observer. Observers do not have the right to count the ballots.

(b) The right to have an observer at the polls and at the counting of the ballots extends to all candidates for office in an election subject to title IV, i.e., this includes elections in intermediate bodies as well as elections in locals and national and international labor organizations.

(c) In any secret ballot election which is conducted by mail, regardless of whether the ballots are returned by members to the labor organization office, to a mail box, or to an independent agency such as a firm of certified public accountants, candidates must be permitted to have an observer present at the preparation and mailing of the ballots, their receipt by the counting agency and at the opening and counting of the ballots.

(d) Paying election observers is the responsibility of the candidate they represent unless the union has a rule providing for the payment of observers. If the union does have such a rule, it must be uniformly applied to all candidates.

### § 452.108 Publication of results.

In any election which is required by the Act to be held by secret ballot, the votes cast by members of each local labor organization must be counted, and the results published, separately.[52] For example, where officers of an intermediate body are elected directly by members, the votes of each local must be tabulated and published separately. The publishing requirement is to assure that the results of the voting in each local are made known to all interested members. Thus, the presentation of the election report at a regular local membership meeting, and the entry of the report in the minutes, would normally accomplish this purpose in a local election. Such minutes would have to be available for inspection by members at reasonable times, unless copies of the report are made available. In an election that encompasses more

---

402(a) that resulted in the Secretary filing suit under 402(b).

[51] Act, section 401(e).

[52] Act, sec. 401(e). See also Senate Report 187, 86th Cong. 1st sess., p. 47; Daily Cong. Rec. p. 13682, Aug. 3, 1959, and p. A6573, July 29, 1959.

**§ 452.109**                          **29 CFR Ch. IV (7–1–05 Edition)**

bulletin boards, or in a union newspaper, or by any procedure which allows any member to obtain the information without unusual effort. Of course, the counting and reporting should account for all ballots cast in the election, although only valid votes will be counted in determining the successful candidates.

### § 452.109 Constitution of labor organization.

Elections must be conducted in accordance with the constitution and bylaws of the organization insofar as they are not inconsistent with the provisions of title IV.[53]

### § 452.110 Adequate safeguards.

(a) In addition to the election safeguards discussed in this part, the Act contains a general mandate in section 401(c), that adequate safeguards to insure a fair election shall be provided. Such safeguards are not required to be included in the union's constitution and bylaws, but they must be observed. A labor organization's wide range of discretion regarding the conduct of elections is thus circumscribed by a general rule of fairness. For example, if one candidate is permitted to have his nickname appear on the ballot, his opponent should enjoy the same privilege.

(b) A union's failure to provide voters with adequate instructions for properly casting their ballots may violate the requirement of adequate safeguards to insure a fair election.

### § 452.111 Campaigning in polling places.

There must not be any campaigning within a polling place[54] and a union may forbid any campaigning within a specified distance of a polling place.

### § 452.112 Form of ballot; slate voting.

The form of the ballot is not prescribed by the Act. Thus, a union may, if it so desires, include a proposed bylaw change or other similar proposal on a ballot along with the candidates for office so long as this is permissible under the union's constitution and bylaws. A determination as to the position of a candidate's name on the ballot may be made by the union in any reasonable manner permitted by its constitution and bylaws, consistent with the requirement of fairness and the other provisions of the Act. For example, candidates may be listed according to their affiliation with a particular slate. However, while "slate voting" is permissible, the balloting must be consistent with the right of members to vote for the candidates of their choice. Thus, there must be provision for the voter to choose among individual candidates if he does not wish to vote for an entire slate. To avoid any misunderstanding in this regard, the voting instructions should specifically inform the voter that he need not vote for an entire slate.

### § 452.113 Sectional balloting.

The ballots may be prepared so that the names of candidates for positions representative of a particular area appear only on the ballots received by members living in that area.

### § 452.114 Write-in votes.

Where write-in votes are permitted in an election subject to title IV, details of the format of the ballot are left to the discretion of the union. Ordinarily, the Secretary would become involved in such matters only in the context of an election complaint under section 402 and then only if the arrangements for write-in votes were so unreasonable that the outcome of the election may have been affected. Of course, a union may, in accordance with its constitution and bylaws or as a matter of stated policy, refuse to permit write-in votes.

### § 452.115 Distribution of ballots.

So long as secrecy of the ballot is maintained, there is no restriction on how the ballots are distributed to the voters. Any method which actually provides each eligible voter with one blank ballot would be in conformance with the law.

---

[53] Act, sec. 401(e). Under 29 CFR 402.10, a labor organization is required to make available to all members a copy of its constitution and bylaws.

[54] See *Hodgson* v. *UMW*, 344 F.Supp. 17 (D.D.C. 1972).

196

7

voters. Any method which actually provides each eligible voter with one blank ballot would be in conformance with the law.

### § 452.116  Determining validity of ballots.

Generally, a labor organization has a right to establish reasonable rules for determining the validity of ballots cast in an election. However, where the union has no published guides for determining the validity of a voted ballot, it must count any ballot voted in such a way as to indicate fairly the intention of the voter. An entire ballot may not be voided because of a mistake made in voting for one of the offices on the ballot.

### § 452.117  Majority of votes not required for election.

A labor organization may by its constitution and bylaws provide for the election of the candidate who receives the greatest number of votes, although he does not have a majority of all the votes cast. Alternatively, it may provide that where no candidate receives a majority of all the votes cast, a run-off election be held between the two candidates having the highest vote. Similarly, a labor organization conducting an election to choose five members of an executive board may designate as elected from among all the nominees the five candidates who receive the highest vote.

### § 452.118  Local unions agents in international elections.

An international union may establish internal rules which require local or intermediate union officials to act as agents of the international in conducting designated aspects of the international referendum election of officers. The consequences of the failure to perform as directed by such officials will, of course, depend on the totality of the circumstances involved.

### § 452.119  Indirect elections.

National or international labor organizations subject to the Act have the option of electing officers either directly by secret ballot among the members in good standing or at a convention of delegates or other representatives who have been elected by secret ballot among the members. Intermediate labor organizations subject to the Act have the option of electing officers either directly by secret ballot among the members in good standing or by labor organization officers or delegates elected by secret ballot vote of the members they represent. Local unions, in contrast, do not have the option of conducting their periodic elections of officers indirectly through representatives.

### § 452.120  Officers as delegates.

Officers of labor organizations who have been elected by secret ballot vote of their respective memberships may, by virtue of their election to office, serve as delegates to conventions at which officers will be elected, if the constitution and bylaws of the labor organization so provide. In such cases it is advisable to have a statement to this effect included on the ballots. Persons who have been appointed to serve unexpired terms of officers who are ex officio delegates to a convention at which officers will be elected may not vote for officers in such election.

### § 452.121  Limitations on national or international officers serving as delegates.

While officers of national or international labor organizations or of intermediate bodies who have been elected by a vote of the delegates to a convention may serve as delegates to conventions of their respective labor organizations if the constitution and bylaws so provide, they may not vote in officer elections at such conventions unless they have also been elected as delegates by a secret ballot vote of the members they are to represent. Of course, such officers may participate in the convention, i.e., they may preside over the convention, be nominated as candidates, or act in other capacities permitted under the organization's constitution and bylaws.

### § 452.122  Delegates from intermediate bodies; method of election.

A delegate from an intermediate body who participates in the election of officers at a national or international convention must have been

**Ofc. of Labor-Management Standards, Labor** §452.127

elected by a secret ballot vote of the individual members of the constituent units of that body. He may not participate if he was elected by the delegates who make up the intermediate body. The secret ballot election required by the Act is an election among the general membership and not an election of delegates by other delegates.

### §452.123 Elections of intermediate body officers.

Section 401(d) states that officers of intermediate bodies shall be elected either by secret ballot among the members in good standing or by labor organization officers representative of such members who have been elected by secret ballot. The phrase "officers representative of such members" includes delegates who have been elected by secret ballot to represent labor organizations in intermediate bodies. Such delegates may therefore participate in the election of officers of intermediate bodies regardless of whether they are characterized as officers of the labor organization they represent.

### §452.124 Delegates from units which are not labor organizations.

To the extent that units, such as committees, which do not meet the definition of a labor organization under the Act [55] participate in the election of officers of a national or international labor organization or an intermediate body, through delegates to the convention or otherwise, the provisions of title IV are, nevertheless, applicable to the election of such delegates. The following example is typical in organizations of railway employees. The chairman of a local grievance committee, which is not a labor organization under the Act, is not an officer within the meaning of the Act. If such a local chairman is a delegate to the general grievance committee, which is considered to be an intermediate body under the Act, however, he must be elected by secret ballot vote of the members he represents, if he votes for officers of the general grievance committee.

### §452.125 Delegates from labor organizations under trusteeship.

It would be unlawful under section 303(a)(1) of the Act to count the votes of delegates from a labor organization under trusteeship in any convention or election of officers of the organization imposing the trusteeship unless such delegates were chosen by secret ballot vote in an election in which all the members in good standing of the subordinate organization were eligible to participate.[56]

### §452.126 Delegates to conventions which do not elect officers.

Delegates to conventions need not be elected by secret ballot when officers of the organization are elected by a secret ballot vote of the entire membership. However, if the only method of making nominations is by delegates, then the delegates must be elected by secret ballot.

### §452.127 Proportionate representation.

When officers of a national, international or intermediate labor organization are elected at a convention of delegates who have been chosen by secret ballot, the structure of representation of the membership is a matter for the union to determine in accordance with its constitution and bylaws. There is no indication that Congress intended, in enacting title IV of the Act, to require representation in delegate bodies of labor organizations to reflect the proportionate number of members in each subordinate labor organization represented in such bodies. Questions of such proportionate representation are determined in accordance with the labor organization's constitution and bylaws insofar as they are not inconsistent with the election provisions of the Act. Congress did not attempt to specify the organizational structure or the system of representation which unions must adopt. However, all members must be represented; the union may not deny representation to locals below a certain size.

---

[55] Act, sec. 3 (i) and (j) and part 451 of this chapter.

[56] Section 303(b) of the LMRDA provides criminal penalties for violation of section 303(a)(1).

### § 452.128 Under-strength representation.

A local union may elect fewer delegates than it is permitted under the union constitution as long as the local is allowed to determine for itself whether or not it will send its full quota of delegates to the union convention. The delegates present from a local may cast the entire vote allotted to that local if this is permitted by the constitution and bylaws.

### § 452.129 Non-discrimination.

Further, distinctions in representational strength among or within locals may not be based on arbitrary and unreasonable factors such as race, sex, or class of membership based on type of employment.

### § 452.130 Expenses of delegates.

A local may elect two groups—one which would receive expenses while the other would be required to pay its own way, provided each member has an equal opportunity to run for the expense-paid as well as the non-expense-paid positions.

### § 452.131 Casting of ballots; delegate elections.

The manner in which the votes of the representatives are cast in the convention is not subject to special limitations. For example, the voting may be by secret ballot, by show of hands, by oral roll call vote, or if only one candidate is nominated for an office, by acclamation or by a motion authorizing the convention chairman to cast a unanimous vote of the delegates present.

### § 452.132 Proxy voting.

There is no prohibition on delegates in a convention voting by proxy, if the constitution and bylaws permit.

### § 452.133 Election of delegates not members of the labor organization.

A labor organization's constitution and bylaws may authorize the election of delegates who are not members of the subordinate labor organization they represent, provided the members of the subordinate organization are also eligible to be candidates.

### § 452.134 Preservation of records.

The credentials of delegates, and all minutes and other records pertaining to the election of officers at conventions, must be preserved for one year by the officials designated in the constitution and bylaws or by the secretary if no other officer is designated. This requirement applies not only to conventions of national or international labor organizations, but also to representative bodies of intermediate labor organizations.

## Subpart J—Special Enforcement Provisions

### § 452.135 Complaints of members.

(a) Any member of a labor organization may file a complaint with the Office of Labor-Management Standards alleging that there have been violations of requirements of the Act concerning the election of officers, delegates, and representatives (including violations of election provisions of the organization's constitution and bylaws that are not inconsistent with the Act.).[57] The complaint may not be filed until one of the two following conditions has been met: (1) The member must have exhausted the remedies available to him under the constitution and bylaws of the organization and its parent body, or (2) he must have invoked such remedies without obtaining a final decision within three calendar months after invoking them.

(b) If the member obtains an unfavorable final decision within three calendar months after invoking his available remedies, he must file his complaint within one calendar month after obtaining the decision. If he has not obtained a final decision within three calendar months, he has the option of filing his complaint or of waiting until he has exhausted the available remedies within the organization. In the latter case, if the final decision is ultimately unfavorable, he will have one month in which to file his complaint.

---

[57] Act, sec. 402(a).