

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA[1], SECRETARY OF LABOR, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:16-CV-1057-A |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the cross-motions for summary judgment filed by plaintiff, R. Alexander Acosta, Secretary of Labor, and defendant, Association of Professional Flight Attendants. The court, having considered the motions, the responses, the replies, the record, the summary judgment evidence, and applicable authorities, finds that plaintiff's motion should be granted and that defendant's motion should be denied.

I.

### Background

Defendant is the union for flight attendants employed by American Airlines. As a national labor organization engaged in an industry affecting interstate commerce, defendant is subject to

---

[1] At the time the action was filed, Thomas E. Perez was Secretary of Labor. That position is now filled by R. Alexander Acosta. Accordingly, the caption of the action is amended to reflect such change. Fed. R. Civ. P. 25(d).

the requirements of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401-531 ("LMRDA"). Plaintiff received a complaint that an election conducted by defendant in January 2016 was conducted in violation of the LMRDA. Plaintiff investigated and filed this suit alleging that (1) defendant violated LMRDA § 401(a), 29 U.S.C. § 481(a), by using an electronic voting method in the January 9, 2016 election that permitted voters to be linked to their votes, and (2) defendant violated LMRDA § 401(c), 29 U.S.C. § 481(c), by denying a candidate's right to have an observer in the January 9, 2016 election, because the electronic voting system did not permit an observer to verify that a vote was recorded and tallied accurately. Doc.[2] 1.

II.

Requirements of the LMRDA

A purpose of the LMRDA is to ensure fair and democratic union elections. Wirtz v. Hotel, Motel and Club Emps. Union, Local 6, 391 U.S. 492, 497 (1968). Thus, 29 U.S.C. § 481(a) requires that elections be conducted by secret ballot. Pursuant to the LMRDA,

> "[s]ecret ballot" mean the expression by ballot, voting machine, or otherwise, but in no event by proxy, of a choice with respect to any election or vote taken upon any matter, which is cast in such a manner that the

---

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

> person expressing such choice cannot be identified with the choice expressed.

29 U.S.C. § 402(k). The union has a duty to insure that ballots are secret not just if voters want them to be. Marshall v. Local Union 12447, 591 F.2d 199, 204 (3d Cir. 1978). The statutory mandate is for a vote that cannot be identified with the voter. Brennan v. Local 3489, 520 F.2d 516, 522 (7th Cir. 1975).

And, union elections must provide candidates the right to have an observer at the polls and at the counting of the ballots. 29 U.S.C. § 481(c). This right encompasses every phase and level of the counting and tallying process and the totaling, recording, and reporting of tally sheets. 29 C.F.R. § 452.107(a).

For the court to nullify election results, the court must find that a substantive violation of the LMRDA occurred and that the violation "may have affected the outcome" of the election. 29 U.S.C. § 482(c)(2). If a violation of § 481 occurred, then there is a presumption that the outcome of the challenged election may have been affected. Hugler v. Local 689, No. GJH-16-2052, 2017 WL 3085321, at *4 (D. Md. July 18, 2017); Chao v. Local 54, 166 F. Supp. 2d 109, 112-13 (D.N.J. 2001). In other words, proof of a substantive violation establishes a prima facie case that the outcome of the election may have been affected and shifts the burden to the union to show that the established violation did not affect the election results. Wirtz, 391 U.S. at 506-07.

In the secret ballot context, it does not matter whether anyone actually took advantage of the ability to identify how any particular member voted. Marshall v. Local Union 12447, 591 F.2d 199, 203 n.10 (3d Cir. 1978). It is enough that the possibility existed. Id.

III.

Grounds of the Motions

Plaintiff urges two grounds in support of his motion. First, the voting system used in the January 2016 election made it possible to link voters to their votes, in violation of § 481(a). Second, the voting system did not permit candidates to have an observer at the polls and at the counting of ballots, in violation of §481(c). Because these violations may have affected the outcome of the election, the election must be voided and a new election conducted under plaintiff's supervision.

Defendant likewise urges two grounds in support of its summary judgment motion. First, no rational trier of fact could find that the violation of § 481(a) "may have affected" the election's outcome. Second, no rational trier of fact could find that § 481(c) was violated in the manner claimed by plaintiff.

4

IV.

Analysis

A. Ballot Secrecy

Defendant does not dispute that the requirement of ballot secrecy under § 481(a) was violated because it was possible to votes to be linked with voters.[3] Instead, defendant focuses on its argument that there is no way the violation "may have affected" the election since defendant's members could not have known of the actual "facts surrounding the alleged ballot-secrecy violations in this case." Doc. 37 at 4.

The key, as noted, supra, is not whether anyone actually discovered how another voted, but rather that the potential existed. Marshall, 591 F.2d at 203 n.10 & 204; Brennan, 520 F.2d at 522 (the statutory mandate is for a vote that cannot be identified with the voter). Defendant has not pointed to any authority to support its contention that voters had to have known of the potential for there to have been a statutory violation. In essence, it is saying that voters had to have been aware of the mechanism by which their votes could be determined in order for there to have been a violation of ballot secrecy. The argument is nonsensical. Especially given recent events, common sense would indicate that any number of people might fear their computerized

---

[3]The summary judgment evidence establishes that this could have occurred in two different ways.

5

votes could be traced to them, whether they understood how such tracing would actually be accomplished. And, indeed, that less than half of the eligible members actually voted would indicate that there may have been some hesitation based on fear of votes being discoverable.

The court is likewise not impressed by defendant's argument that it need only take "all reasonable steps" to guard against a violation of ballot secrecy. That is not what the statute requires. It mandates that a union elect its officers "by secret ballot." 29 U.S.C. § 481(a).

The court is not persuaded that the testimony upon which defendant relies-that there is "just no way" defendant's members could have known of the facts surrounding the ballot-secrecy violations-is sufficient to overcome the presumption that the election may have been affected by the violation.

B. Observer Requirement

Section 481(c) requires unions to provide adequate safeguards to insure a fair election, "including the right of any candidate to have an observer at the polls and at the counting of the ballots." The regulations concerning election procedures emphasize that the right to an observer "encompasses every phase and level of the counting and tallying process, including the counting and tallying of the ballots and the totaling, recording,

6

and reporting of tally sheets." 29 C.F.R. § 452.107(a). For example, where an election is conducted by mail, the regulations provide that a candidate "must be permitted to have an observer present at the preparation and mailing of the ballots, their receipt by the counting agency and at the opening and counting of the ballots." 29 C.F.R. § 452.107(c).

In this case, defendant concedes that the observer requirement could not be, and was not, met. It argues that because it was impossible to comply with the specific observer requirement, it was entitled to adopt and implement alternative safeguards to substitute for the statutory requirement. Doc. 37 at 12-13; Doc. 28 at 10-21. As with its "all reasonable steps" argument, however, the statutory language is contrary to its position. That defendant cannot or will not provide observers with a means of insuring that votes are accurately recorded and tallied does not excuse its compliance with § 481(c).[4]

---

[4] Notably, defendant contends that it employs alternative technology-based safeguards like those used by the State of Texas in its electronic voting machines, but does not say that it has made its system available to testing boards, i.e., observers. Rather, it contends that its members should be bound by the say so of its experts that the system works. The court takes no position on whether a system like that employed by the State of Texas would meet the requirement for observers.

V.

Order

The court ORDERS that plaintiff's motion for summary judgment be, and is hereby, granted, and that defendant's motion for summary judgment be, and is hereby, denied.

The court further ORDERS and DECLARES that the election for the offices of national president, national vice president, national secretary, and national treasurer of defendant for which voting concluded January 9, 2016, is void.

The court further ORDERS that defendant conduct a new election for the offices of national president, national vice president, national secretary, and national treasurer (including any runoff, should one be necessary) under the supervision of plaintiff and in accordance with the constitution and bylaws of defendant insofar as they are not inconsistent with the provisions of 29 U.S.C. §§ 481-83.

The court further ORDERS that plaintiff, upon completion of the supervised election (including any runoff, should one be necessary) promptly certify to the court the names of the persons elected.

SIGNED September 26, 2017.

JOHN McBRYDE
United States District Judge